ELIHU ADAMS *vs.* COUNTY COMMISSIONERS OF HAMPDEN.

While a petition to the court of common pleas under *St.* 1859, *c.* 249, § 3, by the keeper of a jail, dissatisfied with the amount of the salary allowed him by the county commissioners, is pending, payment of the sum so allowed will not be enforced by mandamus.

BIGELOW, C. J.   The petitioner, being dissatisfied with the sum allowed to him by the county commissioners as a compensation for his services as keeper of the jail and house of correction, applied, as he had a right to do, to the court of common pleas to determine the amount of such allowance under *St.* 1859, *c.* 249, § 3.   By that provision of the statute, the superior court, to which the power of the court of common pleas was transferred by *St.* 1859, *c.* 196, has entire jurisdiction over the whole subject matter, and full authority to establish the compensation of the petitioner at such sum as to it may seem proper.   It can either enlarge or diminish the allowance made by the commissioners.   It is quite probable that the court would not, in the absence of proof of any facts or intervening circumstances which were not known to the commissioners when the petitioner's salary was established by them, diminish the amount which they allowed him.   But that this power is vested in the court, and that it is not controlled in its action by the prior order of the commissioners, is the clear result of the broad and comprehensive language in which the jurisdiction of the subject matter is conferred by the statute upon the court.   Until, therefore, the court has adjudicated on the petitioner's application and determined the sum to be allowed him, it is wholly uncertain whether he will be entitled to receive from the county

treasury a compensation at the rate allowed him by the commissioners. This is a decisive objection to the writ of mandamus, which he now asks this court to issue.

But if this objection did not exist, the petitioner fails to show sufficient ground for granting the prayer of his petition. If he is correct in the assumption that the commissioners established his salary at too low a rate, and the superior court on his application should determine to raise it, he would then have an additional claim on the county for compensation for the same services for which he now claims payment. The effect therefore of granting the mandamus might be to divide the compensation for the same services during the same period of time into parts, and require the county to pay in separate sums that which was intended to be paid by a fixed salary or allowance at stated intervals. It is not reasonable that the county should be required to pay to the petitioner any part of his compensation, when he is voluntarily by his own promotion litigating with them as to its amount. Certainly under such circumstances we are not called upon, in the exercise of a sound judicial discretion, to grant him the remedy which he seeks to obtain under this petition. *Mandamus denied.*

*G. Ashmun,* for the petitioner, cited Rev. Sts. *c.* 14, §§ 31, 50, 51; *Lee* v. *Waldron,* 5 Pick. 327; *Harrington* v. *County Commissioners,* 22 Pick. 263; *Baker* v. *Johnson,* 41 Maine, 15; *Hult* v. *Supervisors of Oneida,* 19 Johns. 259; *People* v. *Edmonds,* 19 Barb. 468.

*H. Morris,* for the respondents, cited Rev. Sts. *c.* 14, § 5; *Brown* v. *Somerset,* 11 Mass. 221; *Lexington* v. *Mulliken,* 7 Gray, 280; *Day* v. *Hampden,* 11 Met. 379; *Adams* v. *Hampden,* 13 Gray, 441; *Hester's case,* 2 W. & S. 416; *Hill* v. *County Commissioners,* 4 Gray, 414; *Woodbury* v. *County Commissioners,* 40 Maine, 304.